Dear Chief Halphen:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask the following questions:
 Can a state-owned and operated hospital declare a medical diversion and have an inmate who is being transported by ambulance from a municipal or parish jail sent to a private hospital?
 Can a state-owned hospital refuse to accept inmates from a jail?
The answer to these questions is found in LSA-R.S. 46:6 which is as follows:
§ 6. Admission criteria to state-supported charity hospitals
 Any bona fide resident of the state of Louisiana who is in need of medical services, including but not limited to the uninsured, shall be eligible for treatment by any general hospital owned or operated by the board in accordance with policy adopted by the LSU Board of Supervisors. However, any person with an income greater than two hundred percent of the federal poverty level otherwise eligible for treatment may be denied access to non-emergency medical care if such person refuses to pay any appropriately adopted reasonable charges for treatment or service received, unless the patient's clinical condition requires immediate treatment as determined by the patient's treating physician, or if the person has been treated in the past, billed based upon his or her ability to pay, and has refused to pay for previous medical services without justifiable excuse or to make arrangements for periodic partial payments, unless the patient's clinical condition requires immediate treatment as determined by the patient's treating physician or medical director. In no event shall emergency treatment be denied to anyone; and in no event shall any person housed in any parish jail facility or state prison in the state of Louisiana, irrespective of his state of residency, be denied medically necessary medical treatment in the nearest general hospital owned or operated by the board. Further, any prisoner treated at a general hospital owned or operated by the board shall have those services paid through the facility receiving state funding for the incarceration of said prisoner. (Emphasis added).
 A reading of this statute reveals a distinction that is made between persons housed in municipal jails like the Bossier City Jail and those housed in parish jail facilities and state prisons in the state of Louisiana.
It is clear that no state-supported charity hospital can deny emergency treatment to anyone, including those housed in municipal jails. In contrast, if the treatment needed does not rise to the level of an emergency, but is "medically necessary," state-supported hospitals are only required to treat persons housed in parish jail facilities and state prisons in Louisiana. No mention is made of requiring medically necessary medical treatment for persons housed in a municipal jail. If the treatment is medically necessary, but not an emergency, the statute does not require that municipal jail prisoners or detainees be treated and a diversion may be permissible.
With regard to whether the hospital can declare a medical diversion, there is no clear answer. After discussing with administrators from LSU Health Sciences Center and LSU Board of Supervisors, what constitutes a medical diversion and how the situation is handled, it appears that no written policy has been adopted. State-owned and operated hospitals are accredited by certain entities which require the hospital to declare a medical diversion if the hospital becomes over-crowded. At that time, patients are diverted to other hospitals within the area which have the capacity to treat patients. This writer was told that state-owned and operated hospitals will lose federal funding if the hospitals must continue to accept patients after declaring the hospital is full.
Your second question is answered by the reasoning above. A state-supported hospital cannot refuse treatment for a person from a municipal jail facility if the person is being transported for emergency treatment. The statute does not address whether or not treatment can be refused if other levels of treatment are required.
According to LSA-R.S. 46:17, any person who qualified as indigent prior to arrest who is housed in any parish or municipal jail or detention facility or state prison shall be treated in the nearest general hospital owned and operated by the state of Louisiana. This statute is as follows:
 § 17. Indigent defined; collection of charges by state-owned hospitals
As used in this Title, the following definition shall apply.
 "Indigent" means any person who meets the state definition of indigent who would have qualified for indigent care in any general hospital owned and operated by the state of Louisiana prior to arrest and who is housed in any parish or municipal jail or detention facility or state prison, shall be treated in the nearest general hospital owned and operated by the state of Louisiana.[1]
 B. Notwithstanding any provision of law to the contrary, neither the parish nor municipality shall be responsible for the cost of such services rendered in the state hospital. However, nothing contained herein shall preclude any such hospital from collecting or attempting to collect reasonable charges for treatment or services from those persons housed in any parish or municipal jail or detention facility or state prison considered to have the ability or resources to pay such costs.
 C. No state agency or official, or other person acting on behalf of such agency or official, shall attempt to collect charges for treatment rendered in a state hospital to any parish or municipal jail inmate, from the parish or municipal governing authority for charges which accrue after July 17, 1991 when there are no third party payors responsible for the charges. However, the provisions of this Subsection shall not be construed so as to create or sustain a cause of action on behalf of any person or governmental subdivision to recover monies already paid for the treatment of such inmates.
 The question that arises is whether this statute means that any and all medical treatment is required for indigent prisoners and detainees, or whether, once it is determined the person is indigent, any treatment given must be at the nearest state-owned and operated hospital. The former reasoning would put this statute in opposition to LSA-R.S. 46:6 which was previously discussed. Since LSA-R.S. 46:6 was last amended in 2003, and 46:17 was last amended in 1991, 46:6 is the most recent expression of the legislature. Therefore, LSA-R.S. 46:17 requires that indigent patients be treated at the nearest state hospital, and those indigents must only receive emergency medical treatment. For other treatment a state hospital may refuse to accept inmates from a municipal jail.
Again, it must be noted that a medical diversion may be declared so that state-owned and operated hospitals can continue to be accredited and receive federal funds.
We trust that your questions have been answered. However, if you should need anything further do not hesitate to contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: __________________________________
 FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
CCF, Jr.:FJP:sc
[1] As appears in enrolled bill (Acts 1990, No 315, § 1).